UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

NASRIN CHOWDHURY,

                Plaintiff(s),

       -against-

NEW YORK MOTOR GROUP LLC, PLANET MOTOR
CARS, INC., MAMDOH ELTOUBY, NADA ELTOUBY,
JULIO ESTRADA a/k/a "John" a/k/a "John Santos"
a/k/a "Jay Santos" a/k/a "John Dos Santos" a/k/a "John
Figueroa" a/k/a "Jay Torres", and M&T BANK CORP.,

                Defendant(s).
-----------------------------------------------------------------------X

CASE NO.: 14-cv-2980

**ANSWER TO AMENDED COMPLAINT**

**S I R S :**

      Defendants NEW YORK MOTOR GROUP LLC ("NYMG"), PLANET MOTOR CARS, INC. ("Planet Motor"), MAMDOH ELTOUBY ("M Eltouby") and NADA ELTOUBY ("N Eltouby") [NYMG, Planet Motor, M Eltouby and N Eltouby are hereinafter individually and jointly referred to as "Defendant" and/or "Defendants"), by their attorneys, Law Offices of Bruce W. Minsky, P.C., answers the Plaintiff NASRIN CHOWDHURY's ("Chowdhury" and/or "Plaintiff") Amended Complaint ("Complaint") as follows:

### INTRODUCTION

    1.    As to paragraph(s) numbered "1", admits that the Plaintiff's Complaint speaks for itself, but denies that it has violated any law, and/or has breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

2. As to paragraph(s) numbered "2", admits that the Plaintiff's Complaint speaks for itself, but denies that it has violated any law, and/or has breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

3. Denies the allegations contained in paragraph(s) numbered "3" of the Plaintiff's Complaint.

4. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "4" of the Plaintiff's Complaint,

5. Denies the allegations contained in paragraph(s) numbered "5" of the Plaintiff's Complaint.

6. As to paragraph numbered "6" of the Plaintiff's Compliant, admits that Plaintiff, in purchasing a specific automobile from Defendants, had dealings with the Defendant JULIO ESTRADA ("Estrada").

7. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "7", "8", "9", "10", "11" and "12" of the Plaintiff's Complaint, as Defendants were not aware of "Mr. Estrada" predicaments.

8. Denies to the allegations contained in paragraph(s) numbered "13" of the Plaintiff's Complaint.

9. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "14" and "15" of the Plaintiff's Complaint.

10. Denies the allegations contained in paragraph(s) numbered ""16", 17", "18", "19", "20" and "21" of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

11. As to paragraph(s) numbered "22", "23", "24" and "25" of the Plaintiff's Complaint, Defendant refers all questions of law to the Court.

## THE PARTIES

12. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "26" of the Plaintiff's Complaint.

13. Admits the allegations contained in paragraph(s) numbered "27" and "28" of the Plaintiff's Complaint.

14. Denies the allegations contained in paragraph(s) numbered "29" and "30" of the Plaintiff's Complaint.

15. As to paragraph(s) numbered "31", "32" and "33" of the Plaintiff's Complaint, admits that the Defendant M Eltouby was/is the general manager of both NYMG and Planet Motor, and denies the remaining allegations therein.

16. Denies the allegations contained in paragraph(s) numbered "34" of the Plaintiff's Complaint.

17. As to paragraph(s) numbered "35" of the Plaintiff's Complaint, admits that the Defendant N Eltouby is employed by the Defendant NYMG, that she is the daughter of M Eltouby, and denies the remaining allegations therein.

18. As to paragraph(s) numbered "36" and "37" of the Plaintiff's Complaint, admits that the Defendant Estrada was employed by the Defendant NYMG, was engaged in sales and financing of potential sales, and denies the remaining allegations therein.

19. Denies having knowledge and/or information sufficient to form a belief as

to the allegations contained in paragraph(s) numbered "38" and "39" of the Plaintiff's Complaint.

20. As to paragraph(s) numbered "40", admits that the co-defendant M&T BANK CORP. ("M&T") is the assignee of the Retail Installment Contract between Plaintiff and NYMG ("RIC"), Defendant denies the remaining allegations therein.

## FACTS

21. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "41" of the Plaintiff's Complaint.

22. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "42", "43", "44", "45", "46", "47", 48", "49", "50", "51", "52" and "53" of the Plaintiff's Complaint.

23. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "49" of the Plaintiff's Complaint.

24. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "50" and "51" of the Plaintiff's Complaint.

25. As to paragraph(s) numbered "52" of the Plaintiff's Complaint, admits that the Plaintiff paid those monies are reflected in the governing written agreement between the parties.

26. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "53" and "54" of the Plaintiff's Complaint.

27. Denies the allegations contained in paragraph(s) numbered "55" of the

Plaintiff's Complaint.

28. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in each and every paragraph(s) numbered "56" through "61" of the Plaintiff's Complaint.

29. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in each and every paragraph(s) numbered "62" through "82" of the Plaintiff's Complaint.

30. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph(s) numbered "83" through "131" of the Plaintiff's Complaint.

31. As to paragraph(s) numbered "132" and "133", Defendants deny the allegations therein, deny it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT I

32. As to paragraph(s) numbered "145", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "144" of the Plaintiff's Complaint.

33. As to paragraph(s) numbered "146" and "147", Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

34. As to paragraph(s) numbered "148", "149", "150", "151", "152", "153",

"154", "155", "156" and "157", Defendants deny the allegations therein, deny it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

35. As to paragraph(s) numbered "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", 168", "169", "170", "171", "172", "173", "174" and "175", Defendants deny the allegations therein, deny it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT II

36. As to paragraph(s) numbered "176", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "175" of the Plaintiff's Complaint.

37. As to paragraph(s) numbered "177" and "178", Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

38. As to paragraph(s) numbered "179" through "204" of the Plaintiff's Complaint, the same alleged as part of the Count against M Eltouby, N Eltouby and Estrada, Defendants deny the allegations therein, deny it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT III

39. As to paragraph(s) numbered "205", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "204" of the Plaintiff's Complaint.

40. As to paragraph(s) numbered "206", "207", "208" and "209" of the Plaintiff's Complaint, Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

41. Denies the allegations contained in paragraph(s) numbered "210" and "211" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

42. As to paragraph(s) numbered "212", "213" and "214" of the Plaintiff's Complaint, Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

43. Denies the allegations contained in paragraph(s) numbered "215", "216", "217", "218", "219", "220" and "221" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT IV

44. As to paragraph(s) numbered "222", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through

"221" of the Plaintiff's Complaint.

45. As to paragraph(s) numbered "223" and "224" of the Plaintiff's Complaint, Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

46. Denies the allegations contained in paragraph(s) numbered "225", "226", "227", "228" and "229" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT V

47. As to paragraph(s) numbered "230", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "229" of the Plaintiff's Complaint.

48. Denies the allegations contained in paragraph(s) numbered "231", "232", "233"; "234"< "235", "236" and "237", and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT VI

49. As to paragraph(s) numbered "238", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "226" of the Plaintiff's Complaint.

50. As to paragraph(s) numbered "239", "240" and "241" of the Plaintiff's Complaint, Defendants deny that it has violated any law and/or has breached any

contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

51. Denies the allegations contained in paragraph(s) numbered "242", "243", "244", "245", "246", "247" and "248" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT VII

52. As to paragraph(s) numbered "249", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "248" of the Plaintiff's Complaint.

53. Denies the allegations contained in paragraph(s) numbered "250", "251", "252", "253", "254", "255", "256", "257" and "258" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT VIII

54. As to paragraph(s) numbered "259", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "258" of the Plaintiff's Complaint.

55. As to each and every paragraph(s) numbered constituting "260" through "270" of the Plaintiff's Complaint, the same alleged as part of the Count against M&T Bank, Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT IX

56. As to paragraph(s) numbered "271", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "270" of the Plaintiff's Complaint.

57. As to paragraph(s) numbered "272", "273" and "274", Defendants deny the allegations therein, deny it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court

58. Denies the allegations contained in paragraph(s) numbered "275", "276", "277", "278", "279" and "280" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT X

59. As to paragraph(s) numbered "281", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through "280 of the Plaintiff's Complaint.

60. Denies the allegations contained in paragraph(s) numbered "282", "283", "284", "285", "286", "287" and "288" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## ANSWERING COUNT XI

61. As to paragraph(s) numbered "289", Defendants repeat and reallege each and every denial and/or admission as set in the responses to paragraphs "1" through

"288" of the Plaintiff's Complaint.

62. Denies the allegations contained in paragraph(s) numbered "290", "291", "292", "293", "294", "295", "296", "297" and "298" of the Plaintiff's Complaint, and Defendants deny that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

## FIRST AFFIRMATIVE DEFENSE

63. The Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

64. Any violation of the law or damage suffered by Plaintiffs, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiffs or others, and does not give rise to any liability of Defendants.

## THIRD AFFIRMATIVE DEFENSE

65. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

66. Plaintiffs have suffered no damage as a result of any acts or omissions of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

67. The actions of the Defendants, as alleged in the Plaintiffs' Complaint, were undertaken in good faith and justified by legitimate business motives, purposes and reason, with the absence of injury to the Plaintiffs, and constituted lawful, proper and

11

justified activities. Additionally, any violation of the law, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SIXTH AFFIRMATIVE DEFENSE

68. Defendants hereby gives notice of its intentions to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

69. Plaintiffs have failed to mitigate its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

70. If any damages have been sustained by the Plaintiffs, which Defendants herein deny, such damages were caused by the conduct of others and were not related to Defendants and Defendants are not responsible for any such damages.

## NINTH AFFIRMATIVE DEFENSE

71. If any damages have been sustained by the Plaintiffs, which Defendants herein deny, Plaintiffs and/or third parties (not the Defendants) are legally responsible or otherwise at fault for the damages alleged in the Complaint. Defendants therefore requests that in the event of a finding of any liability in favor of Plaintiffs that an apportionment of fault be made among parties and third-parties other than the Defendants.

## TENTH AFFIRMATIVE DEFENSE

72. Defendants further assert, plead and incorporate by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

## ELEVENTH AFFIRMATIVE DEFENSE

73. Defendants reserve the right to seek its reasonable attorneys' fees and costs in the event the Court deems Plaintiffs' action was brought in bad faith and for the purpose of harassing Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

74. Plaintiff's allegations under RICO are both factually and legally deficient.

## THIRTEENTH AFFIRMATIVE DEFENSE

75. Defendants are entitled to reply upon defenses that the co-defendant COAF asserts or would be entitled to assert in this matter.

## FOURTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's allegations in Plaintiff's Complaint are barred by the doctrines of waiver, estoppel, ratification, acquiescence, set-off, recoupment, parol evidence rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

77. The Complaint fails to sufficiently state any cause for which punitive damages are recoverable.

## SIXTEENTH AFFIRMATIVE DEFENSE

78. Defendants, at all times, acted in good faith and without malice to injure.

**WHEREFORE**, Defendants NEW YORK MOTOR GROUP LLC, PLANET MOTOR CARS, INC., MAMDOH ELTOUBY and NADA ELTOUBY demand: (i) judgment dismissing the Plaintiff NASRIN CHOWDHURY's Complaint in its entirety; (ii) from the Plaintiff ZHENG HUI DONG, those costs and disbursements of this action and attorney fees incurred by Defendants NEW YORK MOTOR GROUP LLC, PLANET MOTOR

CARS, INC., MAMDOH ELTOUBY and NADA ELTOUBY in defending this action; and,

(iii) for such other relief as this may deem just and proper.

Dated:   New Hempstead, New York
         July 8, 2014

>                    Yours, etc.
>
>                    By: _____
>                    Bruce W. Minsky, Esq.
>                    Law Offices of Bruce W. Minsky, P.C.
>                    *Attorneys for the Defendants* NEW YORK MOTOR GROUP LLC, PLANET MOTOR CARS, INC., MAMDOH ELTOUBY and NADA ELTOUBY
>                    112 Brick Church Road
>                    New Hempstead, New York 10977
>                    Phone: (646) 234-7006
>                    Email: *bwminsky@gmail.com*

To:   Schlanger & Schlanger, LLP
      9 East 40th Street, Suite 1300
      New York, New York 10016
      Attn.: Peter T. Lane, Esq.

      Lance S. Grossman, Esq.
      233 Broadway, Suite 2220
      New York, NY 10279

      The Weinstein Group, PC
      175 Froehlich Farm Boulevard
      Woodbury, New York
      Attn.: Lloyd J. Weinstein, Esq.

      United States District Court, Eastern District of New York *(For Filing Purposes)*

## CERTIFICATE OF SERVICE

On July 8, 2014, I caused the foregoing Answer to the Plaintiff's Amended Complaint to be filed via ECF and a copy served via regular mail upon the following party(ies):

>   Schlanger & Schlanger, LLP
>   9 East 40th Street, Suite 1300
>   New York, New York 10016
>   Attn.: Peter T. Lane, Esq.
>
>   Lance S. Grossman, Esq.
>   233 Broadway, Suite 2220
>   New York, NY 10279
>
>   The Weinstein Group, PC
>   175 Froehlich Farm Boulevard
>   Woodbury, New York
>   Attn.: Lloyd J. Weinstein, Esq.

By: _____
         Bruce W. Minsky